# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| LIBERTY WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-218 |
| | ) | |
| CHATHAM COUNTY ANIMAL SERVICES | ) | |
| and CITY OF SAVANNAH POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Liberty Wallace alleges in her 42 U.S.C. § 1983 Complaint that a police officer took her dog and may be attempting to euthanize it. Doc. 1 at 4-6. Plaintiff paid her filing fee. Because defendant City of Savannah Police Department is not a proper party to a 42 U.S.C. § 1983 complaint, any claims against it are frivolous and should be **DISMISSED**.[1] Plaintiff is **DIRECTED** to file an amended complaint

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing pro se complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds by* 618 F. App'x 610 (11th Cir. 2015).

within fourteen days from the date of this order rectifying the below mentioned deficiencies or face a recommendation of dismissal of her remaining claims. Plaintiff is also **DIRECTED** to **SHOW CAUSE** as to why her Complaint should not be dismissed for failure to serve.

Wallace alleges that she was verbally attacked outside of her home by an unidentified man who threatened to take her dog away. Doc. 1 at 3. Shortly thereafter, a city police officer "broke into [her] house and took [her] dog. *Id*. She states that, at a hearing where plaintiff had an attorney, the dog was pleaded guilty in an attempt to have the animal returned. *Id*. at 4. She has filed suit against Chatham County Animal Service and the City of Savannah Police Department. *Id*. at 1.

As an initial matter, Wallace has filed suit against the police department itself. *See* doc. 1. However, the police department is not an entity subject to suit under § 1983. *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit), *cited by Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003). To the extent Wallace believes that the

department is responsible as the officer's employer, claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). That is, a governmental entity cannot be held liable just because it employs a tortfeasor. As a result, any claims against the police department should be **DISMISSED**.

Turning to Plaintiff's substantive claims, she first alleges that a police officer entered her home and took her animal. The Fourth Amendment guarantees the right to privacy and security in a person's home. *See Wilson v. Layne,* 526 U.S. 603, 610 (1999). As a result, absent an exception or consent, a warrant is required to enter into a person's home. *Bates v. Harvey*, 518 F.3d 1233, 1242-43 (11th Cir. 2008) (*citing Payton v. New York*, 445 U.S. 573, 585-86 (1980)). However, it is unclear from the facts, as pleaded, whether the police officer in plaintiff's Complaint entered her home without either a warrant or plaintiff's consent.

Likewise, there is insufficient information in the Complaint to

determine if plaintiff states a claim arising from the loss of her animal or the loss of due process protections. While courts do recognize property rights in animals, s*ee, e.g.*, *Reams v. Irvin*, 561 F.3d 1258, 1264 (11th Cir. 2009) (noting that individuals maintain property rights to animals); *see also Porter v. DiBlasio*, 93 F.3d 301, 306 (7th Cir. 1996) ("[T]here can be no dispute that an animal owner has a substantial interest in maintaining his rights in a seized animal."); *Cotton v. Ben Hill County,* 208 F. Supp. 3d 1353, 1359 (M.D. Ga. 2016) (pro se complaint for deprivation of property involving seizure of cattle), plaintiff's facts fall woefully short here. Her Complaint requests an injunction to stop the euthanization of her dog, but is bereft of any allegation suggesting that she was denied procedures to challenge the taking of her animal, she was denied a hearing on whether her animal is dangerous, or she will be denied a hearing or chance to appeal any decision made regarding her animal.[2] Indeed, it appears from her

---

[2] To state a claim under 42 U.S.C. § 1983 for deprivation of a federally protected right due to procedural due process, plaintiff must allege that the state fails to provide an adequate remedy. *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000). "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994); *see also Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003) ("Because an adequate post-deprivation process is in place under state law, no federal procedural due process claim exists.").

Complaint that the animal has not yet been euthanized. Doc. 1 at 4.

Furthermore, plaintiff's Complaint, as currently pleaded, implicates abstention principles which would preclude this Court from hearing Wallace's case. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) "precludes federal courts from interfering with pending state judicial proceedings absent extraordinary circumstances." *Fairfield Cmty. Clean Up Crew Inc v. Hale*, 735 F. App'x 602, 604 (11th Cir. 2018) (citations omitted). "Although *Younger* involved a state criminal action, the Supreme Court has since clarified that the 'policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.'" *Id.* at 605 (*quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 423 (1982); s*ee, e.g.*, *Van Patten v. City of Binghamton*, 137 F. Supp. 2d 98, 102 (N.D.N.Y. 2001) (barring claims for declaratory or injunctive relief regarding seizure of dog and process afforded to dog owners during dangerous dog hearings on basis of *Younger*). To decide whether *Younger* requires abstention, the Court must first ask whether the proceeding, "constitute[s] an ongoing state judicial proceeding; second, [ ] implicate[s] important state interests; and third, is there an adequate opportunity in

the state proceedings to raise constitutional challenges[?]" *Middlesex*, 457 U.S. at 432 (emphasis removed).

Based on the minimal information provided in the Complaint, plaintiff's state proceeding appeared to be ongoing at the time she filed it. Doc. 1 at 4 (noting that there was a hearing the day before plaintiff filed her complaint). The Court assumes without deciding that the state has an important interest in regulating potentially dangerous dogs. Likewise, although unclear, it appears that plaintiff may be able to challenge the loss of her animal. *See, e.g., id*. at 4 (noting that she has an attorney who is filing motions). Reading between the lines on plaintiff's complaint, the case implicates abstention principles and may be dismissed on those grounds alone.

Finally, Plaintiff had 90 days to serve her complaint or face a recommendation of dismissal. Fed. R. Civ. P. 4(m). Plaintiff has failed to provide that proof of service. However, because of plaintiff's *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give Wallace another chance to explain the facts surrounding her claims and to **SHOW CAUSE** as to why her Complaint should not be dismissed for failure to serve. Accordingly,

plaintiff is **DIRECTED** to file an amended complaint[3] within fourteen days from the date of this order rectifying the above mentioned deficiencies and indicating whether the defendants have or will be served. She must include a coherent "short and plain statement of the claim showing" that she is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means she must present the Court with the factual allegations that support her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendants violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

---

[3] The Amended Complaint must contain facts establishing each claim against each defendant. Plaintiff is advised that her amended complaint will supersede the original complaint and therefore must be complete in itself. Once plaintiff files an amended complaint, the original pleading will no longer serve any function in this case. Failure to comply with this Order will result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); L.R. 41.1(c)(authorizing district court to dismiss for lack of prosecution); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possess[] the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants).

Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 4th day of February, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA